# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO JIMENEZ-VEGA,<br><br>    Petitioner,<br><br>v.<br><br>ATTORNEY GENERAL OF CALIFORNIA,<br><br>    Respondent. | 20cv0415 JAH (MDD)<br><br>**ORDER: (1) CONSTRUING PETITION FOR WRIT OF HABEAS CORPUS AS MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255; and (2) INFORMING PETITIONER OF OPTIONS** |

On February 26, 2020, Petitioner, a prisoner currently incarcerated at the Otay Mesa Detention Center in Otay Mesa, California, and proceeding pro se, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the District of Minnesota. (ECF No. 1.) The case was transferred to this Court on February 27, 2020. (ECF No. 2-3.) Petitioner challenges the sentence he received in his criminal case in this Court in case no. 19cv4186 JAH. (Pet., ECF No. 1 at 5-9.)

Although the current action was filed as a Petition for a Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254, because Petitioner is in federal custody pursuant to a federal criminal conviction, the Court will construe it as a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. Pursuant to *Castro v. United States*, 540 U.S. 375 (2003) the Court is required to give Petitioner the

1

following options prior to ruling on his § 2255 Motion and to inform Petitioner of the consequences of choosing those options.

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), the opportunity to file successive motions under § 2255 is strictly limited. The AEDPA amended 28 U.S.C. § 2255 by providing for a one-year limitation period for prisoners to file motions under § 2255. The section states, in pertinent part:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

 (1) the date on which the judgment of conviction becomes final;

 (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

 (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

 (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

 * * *

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

 (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

 (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable

28 U.S.C.A. § 2255 (West Supp. 2003).

///

## PETITIONER'S OPTIONS

<u>Option 1: Consent in writing to this Court ruling on his Motion</u>

Petitioner may inform the Court of his desire to have the Court construe his Petition as a Motion under § 2255 and rule on the merits of his Motion. To do so, Petitioner should file a pleading with this Court entitled: "Consent to recharacterization of petition as motion under § 2255." The Court will then proceed to rule on the merits of the § 2255 Motion.

<u>Option 2: Withdraw the instant Motion and file an all-inclusive § 2255 Motion</u>

Petitioner may withdraw the instant Motion and refile an all-inclusive § 2255 Motion at a later date which contains all issues he wishes to raise. If Petitioner chooses Option 2, he must file a pleading with this Court entitled: "Notice of Withdrawal of § 2255 Motion."

## CONSEQUENCES OF PETITIONER'S ACTIONS:

<u>Consequences of selecting Option 1</u>: If Petitioner elects to proceed to the merits of his § 2255 Motion by filing a "Consent to recharacterization of petition as motion under § 2255," this Court will rule on Petitioner's Motion. However, the Court cautions Petitioner that if he chooses this option this would be his one opportunity to file a Motion under § 2255 without being required to obtain permission from the court of appeals as set forth above.

<u>Consequences of selecting Option 2</u>: If Petitioner elects to withdraw the instant motion by filing a "Notice of Withdrawal of § 2255 Motion," the Court will not rule on the § 2255 Motion at this time. However, Petitioner will be permitted to include the claims presented in the instant § 2255 Motion in an all-inclusive § 2255 Motion filed at a later date. However, the Court cautions Petitioner that he must file the all-inclusive § 2255 Motion within the applicable statute of limitations set forth above. If Petitioner fails to timely file his all-inclusive § 2255 Motion within the statute of limitations he will be required to seek permission from the court of appeals as set forth above.

///

Based on the foregoing, and good cause appearing, the Court hereby **NOTIFIES** Petitioner of the options set forth above. Petitioner must reply to this Order no later than June 5, 2020, selecting one of the options set forth above.

**IT IS SO ORDERED**.

DATED: March 31, 2020

John A Houston
United States District Judge